# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Samuel T. Whatley, II, | C/A: 2:22-cv-4143-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Waffle House, Inc., | |
| Defendant. | |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 47) of the Magistrate Judge recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. For the reasons set forth below, the Court adopts the R&R as the order of the Court, grants Defendant's motion for summary judgment, and denies Plaintiff's motion for summary judgment.

## I.  Background and Relevant Facts

Plaintiff brings this action alleging violation of the Fair Labor Standards Act ("FLSA"). Plaintiff alleges he worked one day at "Waffle House Unit #1453" in Summerville, South Carolina, on October 1 and 2, 2022 for nineteen hours. (Dkt. No. 47 at 1). Plaintiff was paid for the time he worked at said Waffle House but takes issue with the time it took Defendant to pay him the agreed upon $190 for his nineteen hours of work. (*Id.* at 2, 4-6) (noting a check was originally cut for Plaintiff on October 13, 2022, but that a stop payment notice was issued on the check when Plaintiff did not pick it up. Defendant then reissued a check which was cashed by Plaintiff on December 22, 2022); (Dkt. No. 42-2 at 6) (copy of cleared check). Plaintiff believes the delay in payment constitutes a violation of the FLSA.

On September 1, 2023, the Magistrate Judge filed an R&R recommending that Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied. (Dkt. No. 47).

Plaintiff filed objections to the R&R. (Dkt. No. 50).

The parties' motions are fully briefed and ripe for disposition.

## II. Legal Standards

### a. Fed. R. Civ. P. 56

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in

support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

### III. Discussion

After a careful, de novo review of the record, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Defendant's motion for summary judgment should be granted while Plaintiff's should be denied. The Magistrate Judge correctly found that the FLSA does not provide a private cause of action for the delay in payment Plaintiff challenges. *See* (Dkt. No. 47 at 4-5) (noting Plaintiff does not seek damages for unpaid wages or unpaid overtime compensation and that, in any event, there is no record evidence Defendant in fact violated the FLSA); *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) ("Section 216(b) provides a cause of action for violations of these two provisions, permitting

employees to seek damages, as relevant here, in 'the amount of their unpaid minimum wages' and (in appropriate circumstances) an equal amount of liquidated damages."); *Id.* ("Thus, the Act requires payment of a minimum wage, 29 U.S.C. § 206(a), and limits the maximum working hours an employee may work without receiving overtime compensation, 29 U.S.C. § 207(a)."). Accordingly, the Court grants Defendant's motion for summary judgment.

Plaintiff filed objections to the R&R, none of which the Court finds compelling. (Dkt. No. 50). First, Plaintiff alleges Defendant "committed perjury by providing a false affidavit" but provides no evidence calling into question the authenticity of the affidavit nor the facts contained therein. Accordingly, this objection is overruled. (*Id.* at 1, 3). Second, Plaintiff objects Defendant violated various Federal Rules of Civil Procedure and Local Civil Rules by "filing additional exhibits past the discovery time." The Court overrules this objection as Plaintiff does not indicate what exhibits he is challenging nor put forth evidence that, for example, Plaintiff requested certain information from Defendant in discovery which Defendant did not produce but submitted during summary judgment briefing. Third, Plaintiff objects that Defendant had "OSHA safety violations." The Court overrules this objection as it is immaterial to the allegations in this case. Fourth, Plaintiff argues Defendant is "gaslighting from failing to provide compensation for the delayal [sic] of pay." (*Id.* at 4). The Court overrules this objection because, as noted above, the FLSA does not provide a cause of action for such an allegation. Last, the Court overrules the remainder of Plaintiff's objections as they are either incoherent, (*Id.* at 3) ("Defendant is demanding unpayable fees from the Plaintiff because the whole point of filing suit was about the wages."), or fail to otherwise challenge specific findings in the R&R relevant to Plaintiff's claims.

### IV. Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 47) as the Order of the Court, **GRANTS** Defendant's motion for summary judgment (Dkt. No. 42) and **DENIES** Plaintiff's motion for summary judgment (Dkt. No. 39).

**AND IT IS SO ORDERED.**

<u>s/Richard Mark Gergel</u>
United States District Judge

September 14, 2023
Charleston, South Carolina